USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:06/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X
                :
LORENZO MIRO SAN DIEGO,        :

          Plaintiff,    :

                :        26-CV-00973 (MMG)

   -v-             :

                :
BLOCKRATIZE, INC., et al.,     :

         Defendants.   :

---------------------------------------------------------------------  :

                :
 ALEXANDER YOON,        :

          Plaintiff,    :

                :        26-CV-01160 (MMG)

   -v-             :

                :
BLOCKRATIZE, INC., et al.,     :

                :        <u>ORDER</u>

         Defendants.   :

----------------------------------------------------------------------- X

MARGARET M. GARNETT, United States District Judge:

The above-captioned cases arise from similar facts and involve similar (if not identical) issues of law. On May 21, 2026, the Court stated via Order that it was inclined to consolidate the two lawsuits under Federal Rule of Civil Procedure 42 and invited any objecting party to file a brief letter. Dkt. No. 34.[1] No party did so. Instead, on June 10, 2026, the parties filed a proposed stipulation and order. Dkt. No. 35. It asks the Court to consolidate these actions, administratively close the *Yoon* Action, designate interim class counsel under Rule 23(g)(2), and adopt a schedule for Plaintiff to file a consolidated complaint and the parties to brief Defendants' anticipated motion to compel arbitration. Resumes of proposed interim class counsels' firms are

---

[1] All docket citations refer to docket entries in *Diego v. Blockratize, Inc.*, No. 26-CV-00973.

attached to the stipulation (the "Firms Resumes").  Dkt. No. 35-1.

On consideration of the foregoing, it is hereby ORDERED that:

(1) The cases are consolidated for all purposes under the case name *Diego v. Blockratize, Inc.*, 26-CV-00973.  All further filings shall be made under that case number.

(2) Plaintiffs shall file their Consolidated Complaint on or before **June 25, 2026**.

(3) Defendants may move to compel arbitration on or before **July 29, 2026**.  Plaintiffs may oppose on or before **August 28, 2026**; and Defendants may reply on or before **September 18, 2026**.  Given the extended nature of this briefing schedule, no party should expect an extension of these deadlines.

(4) Defendants' deadline to answer the Consolidated Complaint is hereby EXTENDED until thirty (30) days after the Court resolves the motion to compel arbitration.

(5) The July 7, 2026 Initial Pre-Trial Conference and the deadline for the parties to file the joint letter and case management plan described in the Court's April 1, 2026 order are both ADJOURNED *sine die*.

Last, the motion for appointment of Wesley M. Griffith of Almeida Law Group and Gabriel Mandler of Edelsberg Law as Interim Co-Lead Class Counsel is DENIED WITHOUT PREJUDICE.  Federal Rule of Civil Procedure 23(g)(3) provides a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  A court evaluates candidates for interim class counsel "under the same rubric as potential counsel for certified classes."  *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012).  That rubric entails the Court considering:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Although the parties submitted the Firms Resumes, they have not briefed whether the above factors support the appointment of Mssrs. Griffith and Mandler as Interim Co-Lead Class

Counsel, and the Court has no basis at all for weighing the first or fourth factor.  Therefore, the Court will not appoint interim class counsel as this time.  Nevertheless, this Order is without prejudice to a renewed motion accompanied by briefing and/or declarations, as appropriate.  If a renewed motion is filed, Defendants must file a letter **within two (2) business** days indicating whether they intend to oppose, or the Court will treat the motion as unopposed.

The Clerk of Court is respectfully directed to terminate *Yoon v. Blockratize, Inc.*, No. 26-CV-01160.

SO ORDERED.

Dated: June 12, 2026
New York, New York

_____
MARGARET M. GARNETT
United States District Judge